# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 3, 2017

```
* * * * * * * * * * * * *
```
R.H., by her parents and natural guardians,  *     No. 15-726V
JASMATIE and RYON HARDEEN,       *
          *
      Petitioners,      *     Special Master Sanders
          *
v.          *
          *     Attorneys' Fees and Costs;
SECRETARY OF HEALTH      *     Reasonable Hourly Rate.
AND HUMAN SERVICES,      *
          *
      Respondent.      *
```
* * * * * * * * * * * * *
```

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioners.
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On July 13, 2015, Jasmatie and Ryon Hardeen ("Petitioners") filed a petition on behalf of their daughter, R.H., for compensation in the National Vaccine Injury Compensation Program ["the Program"].[2]  Decision 1, ECF No. 52.  They alleged that the Diphtheria-Tetanus-acellular Pertussis ("DTaP"), inactivated polio ("IPV"), haemophilus influenza ("Hib"), pneumococcal conjugate ("PCV7"), and Rotaviral vaccinations R.H. received on January 16, 2014 caused her to suffer epilepsy and developmental delays.  *Id.*  On March 14, 2017, the undersigned issued a decision dismissing their petition for insufficient proof.  *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioners filed a motion for attorneys' fees on June 21, 2017. Mot. Att'ys' Fees, ECF No. 55. Petitioners requested $30,424.00 for attorneys' fees and $1,777.12 in costs, totaling $32,201.12. *Id.* at 1. Respondent filed a Response on July 18, 2017. Resp't's Resp., ECF No. 56. He indicated that "[t]o the extent the Special Master is treating [P]etitioners' request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "recommend[ed]" for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioners did not file a reply. *See* Docket Rep.

For the reasons discussed below, the undersigned awards Petitioners' Motion for Attorneys' Fees and Costs in part.

## I.       Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). In *McCulloch*, Special Master Gowen held that an attorney with twenty or more years of experience has a reasonable hourly rate between $350 and $425. *Id.* The Court recently updated the *McCulloch* rates for 2015-2016[3] and

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The hourly rates contained in the 2015-2016 Fee Schedule are

2017.[4]  For attorneys with twenty to thirty years of experience, the reasonable hourly fee range for work performed in 2017 is $358 to $424.  The revised rate schedule also contains increased rates for attorneys with more than thirty-one years of experience.

### a.  Hourly Rates

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate."  *Avera*, 515 F.3d at 1347-48 (quotation omitted).  Petitioners' counsel, Mr. Clifford Shoemaker requested an hourly rate of $415 for his work performed in 2015, $430 for 2016, and $446 for 2017.  Mot. Att'ys' Fees 4-12.  Another attorney in Mr. Shoemaker's firm, Ms. Sabrina Knickelbein, requested hourly rates of $350 for 2015, $365 for 2016, and $378 for 2017.  *Id.* at 9-21.

Mr. Shoemaker's requested rates for 2015 and 2016 are within the ranges provided in the 2015-16 Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule[5] and have been found reasonable.  *See, e.g.*, *Bookey by Rosenbloom v. Sec'y of Health & Human Servs.*, No. 13-26V, 2017 WL 2544892 (Fed. Cl. Spec. Mstr. May 18, 2017); *Mikkelson v. Sec'y of Health & Human Servs.*, No. 15-867V, 2016 WL 6803786 (Fed. Cl. Spec. Mstr. Oct. 3, 2016).  Ms. Knickelbein's rate requests are likewise reasonable under both the 2015-2016 and 2017 Fee Schedules, and her requests have been found reasonable.  *Bookey v. Sec'y of Health & Human Servs.*, No. 13-026, 2017 WL 2544892, at *2 (Fed. Cl. Spec. Mstr. May 18, 2017).  Consequently, the undersigned finds that Ms. Knickelbein's requested rates and Mr. Shoemaker's 2015 and 2016 rates are reasonable.

However, Mr. Shoemaker's rate for 2017 requires some adjustment.  Petitioners request that Mr. Shoemaker receive $446 an hour for work performed in 2017.  Mot. Att'ys' Fees 11-12.  Mr. Shoemaker has been practicing law for over 40 years and has significant experience in the Vaccine Program.  However, the 2017 Fee Schedule provides a maximum hourly rate of $440 for attorneys with more than thirty-one years of experience.[6]  Therefore, the undersigned sets Mr. Shoemaker's reasonable hourly rate for 2017 at $440.  The resulting deduction totals $49.80.

---

updated from the decision in *McCulloch v. Secretary of Health and Human Services*.  2015 WL 5634323, at *19.

[4] The 2017 Fee Schedule can be accessed at:  http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Secretary of Health and Human Services*.  2015 WL 5634323, at *19.

[5] *See supra* note 3.

[6] *See supra* note 4.

### b.  Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings.  515 F.3d at 1348.  The undersigned finds no unnecessary or unreasonable entries in Mr. Shoemaker's billing records, and therefore finds that the hours expended are reasonable and should be awarded in full.  *See generally* Mot. Att'ys' Fees.

### c.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Petitioners' costs consist of the collecting and printing of medical records.  Mot. Att'ys' Fees 21-22.  A review of these costs show them to be reasonable, and the undersigned awards them in full.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners are entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the amount of $32,151.32,[7] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Clifford J. Shoemaker, of Shoemaker, Gentry & Knickelbein.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).